IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01016-ZLW

ETHEL WHITE,

    Plaintiff,

v.

NURSE (EDITH), D.R.D.C. EMPLOYEE,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 7 2010

GREGORY C. LANGHAM
                      CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Ethel White, filed *pro se* on June 29, 2010, a motion to reconsider, which she characterizes as a "Motion to Re-open Case." Ms. White asks the Court to reconsider the order of June 23, 2010, which dismissed this action. The Court must construe the motion liberally because Ms. White is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. White's motion to reconsider pursuant to Rule 59(e) because it was filed

within twenty-eight days after the judgment was entered in this action on June 23. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice for Ms. White's failure, within thirty days, to file an amended motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 with a notarized signature, as required by the Court's § 1915 motion and affidavit form. The June 23 dismissal order discusses in detail the reasons for the dismissal. Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Ms. White fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. White fails to demonstrate the existence of an intervening change in controlling law or new evidence and she fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Re-open Case" that Plaintiff, Ethel White, filed **pro se** on June 29, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to

Ms. White at her new address listed on page one of the "Motion to Re-open Case."

DATED at Denver, Colorado, this __7th__ day of __July__, 2010.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01016-ZLW

Ethel White
15899 13th Place
Bldg. 99 - Apt. 110
Aurora, CO 80011


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___7/7/10___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk